**JAMES GASKINS v. WILLIAM RUSSELL.**

Court of Chancery.  Sussex.  July 29, 1824.

*Ridgely's Notebook IV, 445.*

*Cullen* and *Cooper* for plaintiff.

*Robinson* for defendant.  .  .  .

William Russell, the defendant, had entered into a written contract with James Gaskins, the plaintiff, for the conveyance

of a house and lot of ground situate in George Town, on the payment by Gaskins to Russell of $2250 with interest, in installments. To secure the payment Gaskins gave his bond with a warrant of attorney to confess judgment. Gaskins paid some of the installments, altogether to the amount of $400 or $500; and he laid out considerable sums of money in repairing the house, building stables, and otherwise fitting it for a house of public entertainment. The witnesses spoke of these expenses as amounting to a sum between $600 and $1000. Failing in his payments as the installments became due, Russell caused several executions to be issued against him, but used no undue severity and had no sale made of his personal property. Finding it impossible to make the payments according to contract, Gaskins proposed and entered into a new contract with Russell. It was agreed that Russell should take back the house with all the repairs, that he should retain the $400 or $500 paid, and that Gaskins should conditionally convey to him a lot of ground of about ten acres situate near George Town; and that Russell should release the debt against him. Gaskins filed his bill to rescind the last contract, and to compel Russell to repay the $400 or $500, and pay for the repairs, and to yield up the ten acre lot of ground. He complained of oppression, and that Russell by pressing his execution forced him into the last contract. Russell in his answer proposed that the first contract should be executed; that is that Gaskins should pay him the consideration money at first agreed to be paid, and that he should convey the house and lot, and give up the ten acre lot of ground.

THE CHANCELLOR said that Russell had exercised no undue severity. That he had had executions issued as he had a right to have issued, but he had caused no sale. That he could not and would not make a new contract for the parties, that Russell ought not to be compelled to pay for repairs and improvements which were not necessary to him, and which he would never have put up. But if Gaskins would pay the money due to Russell forthwith, he would decree an execution of the original contract.

Gaskins was not present, but his counsel said he could not do so. Then THE CHANCELLOR dismissed the bill.

Plaintiff prayed an appeal.